UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| KRISTOPHER GEORGE MUSSELMAN, and ) | Chapter 7 |
| DANIELLE RENEE MUSSELMAN, ) | Case Number 25-50135 |
| ) | |
|    Debtors. ) | |
| ) | |
| MATTHEW W. CHENEY, ) | |
| Acting United States Trustee For Region Four, ) | |
| ) | |
|    Movant, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| KRISTOPHER GEORGE MUSSELMAN, ) | |
| DANIELLE RENEE MUSSELMAN, and ) | |
| MUSSELMAN PHOTOGRAPHY LLC, ) | |
| ) | |
|    Respondents. ) | |

**MOTION OF THE UNITED STATES TRUSTEE FOR AN ORDER: DIRECTING THE DEBTORS TO BE EXAMINED AND TO PRODUCE, TO THE EXTENT SUCH DOCUMENTS ARE IN THEIR POSSESSION, CUSTODY, OR CONTROL, CERTAIN DOCUMENTS; AND AUTHORIZING THE UNITED STATES TRUSTEE TO SUBPOENA DOCUMENTS FROM MUSSELMAN PHOTOGRAPHY LLC**

Matthew W. Cheney, Acting United States Trustee for Region Four (the "United States Trustee"), by counsel, moves the Court pursuant, among other things, to §§ 105(a), 307, and 727 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of the proposed order attached as Exhibit 1: directing the above-captioned Debtors to be examined and to produce, to the extent such documents are in their possession, custody, or control, certain documents; and authorizing the United States Trustee to subpoena documents from Musselman

1

Photography LLC (the "Business"). In support of this motion, the United States Trustee respectfully states as follows:

*General Background*

1. The United States Trustee is a Department of Justice official charged with, among other things, supervising bankruptcy case administration. 28 U.S.C. § 586(a)(3). United States Trustees "serve as bankruptcy watch-dogs to prevent fraud, dishonesty, and overreaching in the bankruptcy arena." H.R. Rep. No. 95-595, at 88 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6049; *In re A-1 Trash Pickup, Inc.*, 802 F.2d 774, 775 (4th Cir. 1986). The United States Trustee is authorized to file a complaint objecting to the Debtors' receipt of a discharge. 11 U.S.C. § 727(c)(1).

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The Debtors are individuals who filed a petition for relief under chapter 7 of the Bankruptcy Code on March 12, 2025.

6. The Debtors filed schedules and statements in support of their petition. The petition, schedules, and statements filed by or on behalf of the Debtors [Docket No. 1] are incorporated by reference.

7. On Official Form 106A/B, the Debtors answered question 7 as follows:

> 7. Electronics
> Examples: Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
> ☐ No
> ☒ Yes. Describe.....
>
> Electronics: 3 TV's, 4 Cellphones, Tablet          $1,500.00

8. On Official Form 106A/B, the Debtors answered question 19 as follows:

2

> 19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture
> ■ No
> ☐ Yes. Give specific information about them..............
>     Name of entity:                                    % of ownership:

9. The Debtors did not disclose any expected income from operating a business on Official Form 106I.

10. It appears the Debtors signed Official Form 106Dec declaring under penalty of perjury that their schedules "are true and correct."

11. On Official Form 107, the Debtors answered "No. None of the above applies[]" in response to question 27 which asks:

> 27. Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?
>     ☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time
>     ☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)
>     ☐ A partner in a partnership
>     ☐ An officer, director, or managing executive of a corporation
>     ☐ An owner of at least 5% of the voting or equity securities of a corporation

12. It appears the Debtors signed the declaration on Official Form 107 declaring under penalty of perjury that the answers "are true and correct."

13. On Official Form 122A-1, the Debtors, in disclosing income received in the applicable period for calculating their current monthly income, answered question 5 as follows:

> 5. Net income from operating a business, profession, or farm
>                                                          Debtor 1
> Gross receipts (before all deductions)              $    0.00
> Ordinary and necessary operating expenses          -$    0.00
> Net monthly income from a business, profession, or farm $ 0.00  Copy here -> $ 0.00   $ 0.00

14. It appears the Debtors signed the declaration on Official Form 122A-1 declaring under penalty of perjury that the "information on this statement . . . is true and correct."

15. The chapter 7 trustee conducted the first meeting of creditors on April 11, 2025.

16. At the meeting of creditors, the Debtors, among other things, testified under oath that: they had disclosed all assets; they had not owned an interest in a business in the last year; the

3

information on Official Form 106A/B was correct; Schedules 106I and 106J were filled out correctly[1]; the information on Official Form 107 was true and correct; and they had no interest in a business in the last 4 years. When the chapter 7 trustee asked about the Business, Mrs. Musselman testified: that the Business should be closed and "somebody told me to [open the Business], and I never did anything so it's like supposed to be closed[;]" the Business opened in April during the COVID pandemic; the Business closed almost as soon as it started; the Business closed two months after opening; she had "totally forgotten about it because it didn't do anything[;]" the Business did not own any equipment and she had been borrowed a camera from a neighbor "to try and do something to kind of learn and then I gave it back to her;" she did not own any cameras or photography equipment; and the Business never had any income.

17. Virginia State Corporation Commission records indicate that the Business filed articles of organization on April 26, 2022, and the business remains active.

18. There appears to be a website for the Business at www.musselmanphotography.com (the "Website"). There is a blog post on the Website dated July 9, 2023, regarding tips for "Senior Portrait Photography, Senior Portraits in Winchester, Virginia[.]"

19. The Business also appears to have, use, or be promoted through social media accounts. At least one such account appears to have postings from late October 2024.

20. Pixieset Inc. is "[a]n all-in-one platform for modern photographers, offering photo client galleries, websites, online stores and studio management software tools." Available at www.pexieset.com (last accessed April 22, 2025). Pixieset Inc.'s website states that it is "[t]he better way for modern photographers to share, deliver, proof and sell online." *Id.*

---

[1] Mr. Musselman did clarify that his transportation expense varies.

4

21. The Business appears to use Pixieset Inc.'s services and it appears photographs of various high school sporting events are available from, for example, September 2024 through at least February 2025. Available at www.musselmanphotography.pixieset.com (last accessed April 22, 2025).

*Basis For Relief*

22. The Bankruptcy Rules provide, "[o]n motion of any party in interest, the court may order the examination of any entity," Fed. R. Bankr. P. 2004(a), and the production of documents may be compelled. Fed. R. Bank. P. 2004(c). The Court "on terms as it may impose order the debtor to be examined under this rule at any time or place it designates[.]" Fed. R. Bank. P. 2004(d).

23. An order authorizing a Rule 2004 examination may be entered ex parte. *In re Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985).

24. The scope of Rule 2004 includes obtaining information on, among other things:

> acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.

Fed. R. Bankr. P. 2004(b).

25. The United States Trustee desires to obtain documents from the Debtors and the Business and conduct an examination of the Debtors under Fed. R. Bankr. P. 2004. By way of example and not in limitation, the United States Trustee desires to examine the Debtors concerning: the accuracy of the Debtors' schedules and statements; efforts made by the Debtors to accurately complete the documents filed with the Court on their behalf including, among other things, Official Form 106A/B, Official Form 106I, Official Form 106J, Official Form 107, and Official Form 122A-1; the accuracy of the Debtors' statements under oath; property owned by the

5

Debtors on the petition date and in the three years before their meeting of creditors; businesses owned or operated by the Debtor(s) including, but not limited to, the Business; photography work performed by Mrs. Musselman whether through the Business or otherwise; social media accounts used to promote the Business and questions related to postings on such accounts; and other matters within the purview of Rule 2004.  In connection with the examination, the United States Trustee should be authorized to subpoena documents from the Business and the Debtors should be ordered as a term of the examination to produce, to the extent they are in the possession, custody, or control of the Debtors, the following documents to the United States Trustee at least seven days prior to the examination:

a. financial statements (e.g. income statement, balance sheet, and cash flow statement) for any business owned or operated by the Debtor(s) after March 11, 2021;
b. for the period of time after January 1, 2023, documents constituting or comprising contracts for photography services between (i) the Business and any third party or (ii) the Debtor(s) and any third party;
c. for the period of time after January 1, 2023, invoices, bills, or other documents setting forth amounts due from (i) any third party to the Business or (ii) any third party to the Debtor(s) for photography services;
d. for the period of time after March 11, 2021, every business license application or renewal filed by the Debtor(s) or the Business with Frederick County, Virginia;
e. for the period of time after March 11, 2021, every tangible personal property return, including all required attachments to such returns, filed by the Debtor(s) or the Business with Frederick County, Virginia;
f. for the period of time after April 1, 2022, account statements for any financial account of the Business.  As used herein, financial account includes, but is not limited to, bank accounts, credit union accounts, brokerage accounts, or other accounts in which cash or cash equivalents may be deposited or held;
g. for the period of time after January 1, 2023, account statements, inclusive of any attachments to such, for any financial accounts in which the Debtor(s) had or have any interest;
h. complete federal and state tax returns, with all schedules and supporting documents required to be attached to the returns, for the Debtors for 2022, 2023, and 2024;

      i. for the period of time after April 1, 2022, and for social media accounts of the Business, copies of postings to such social media accounts (e.g. Twitter or X, Instagram, Facebook, etc.); and

      j. for the period of time after April 1, 2022, postings by the Debtor(s) on social media referencing the Business or photography sessions conducted by the Business or Mrs. Musselman.

26.    Cause exists to enter the attached proposed order so that the United States Trustee may perform his statutory duties and, by way of example and not in limitation, determine whether to oppose the entry of a discharge in this case or seek dismissal of the case.

WHEREFORE, Matthew W. Cheney, by counsel, respectfully requests this Court enter the proposed order attached as Exhibit 1 and grant such other and further relief and this Court deems appropriate.

Date: April 22, 2025

Respectfully submitted,
United States Trustee
By: /s/ W. Joel Charboneau
Trial Attorney for the United States Trustee

W. Joel Charboneau (VSB #68025)
210 First Street, S.W., Suite 505
Roanoke, Virginia 24011
Telephone: (540) 857-2699
joel.charboneau@usdoj.gov

7

## **NOTICE OF HEARING**

PLEASE TAKE NOTICE that the United States Trustee has filed a *Motion Of The United States Trustee For An Order: Directing The Debtors To Be Examined And Produce, To The Extent Such Documents Are In Their Possession, Custody, Or Control, Certain Documents; And Authorizing The United States Trustee To Subpoena Documents From Musselman Photography LLC* (the "Motion"). Unless an order is entered prior to the hearing, a hearing on the Motion will be held on **May 8, 2025, at 10:00 a.m.** in the **United States Bankruptcy Court for the Western District of Virginia** via Zoom (Meeting ID 160 369 2643).

**If you do not want the Court to grant the relief requested in the motion, then, pursuant to Local Rule 9013-1, you must file a response in the nature of an answer to a complaint in an adversary proceeding.** Local Rule 9013-1(M), in part, provides:

> Unless a different time is prescribed by any statute, Bankruptcy Rule or pre-hearing or other order entered by the Court with respect to such motion, such response shall be filed with the Court and served upon the proponent of such motion, or if the motion has been filed by counsel, upon such counsel, at least seven (7) days prior to the date of the noticed hearing, or if that is not practicable due to shortness of notice or other cause shown, as soon in advance of the hearing as may be practicable under the circumstances presented. Failure to file such a response will be cause for the Court to treat the motion as uncontested, to continue the hearing upon the motion, or to take such other action as may be appropriate to further the ends of justice.

## Certificate of Service

       I certify that on April 22, 2025, I caused the foregoing to be electronically filed in the United States Bankruptcy Court for the Western District of Virginia which caused electronic notifications of filing to be served on all registered users of the CM/ECF System that have appeared in this case. On this same date, I caused copies to be mailed by First Class mail to:

Kristopher G. Musselman
106 Cheltenham Drive
Stephens City, VA 22655

Danielle R. Musselman
106 Cheltenham Drive
Stephens City, VA 22655

Musselman Photography LLC
c/o Danielle R. Musselman, Member and Registered Agent
106 Cheltenham Drive
Stephens City, VA 22655


                                  By: /s/ W. Joel Charboneau
                                  Trial Attorney for the United States Trustee

W. Joel Charboneau (VSB #68025)
210 First Street, S.W., Suite 505
Roanoke, Virginia 24011
Telephone: (540) 857-2699
joel.charboneau@usdoj.gov

**EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KRISTOPHER GEORGE MUSSELMAN, and | ) | Chapter 7 |
| DANIELLE RENEE MUSSELMAN, | ) | Case Number 25-50135 |
| | ) | |
|     Debtors. | ) | |
| | ) | |
| MATTHEW W. CHENEY, | ) | |
| Acting United States Trustee For Region Four, | ) | |
| | ) | |
|     Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| KRISTOPHER GEORGE MUSSELMAN, | ) | |
| DANIELLE RENEE MUSSELMAN, and | ) | |
| MUSSELMAN PHOTOGRAPHY LLC, | ) | |
| | ) | |
|     Respondents. | ) | |

**ORDER DIRECTING THE DEBTORS TO SUBMIT TO A RULE 2004 EXAMINATION AND PRODUCE CERTAIN DOCUMENTS, AND AUTHORIZING THE UNITED STATES TRUSTEE TO SUBPOENA DOCUMENTS FROM MUSSELMAN PHOTOGRAPHY LLC**

The matter before the Court is the *Motion Of The United States Trustee For An Order: Directing The Debtors To Be Examined And Produce, To The Extent Such Documents Are In Their Possession, Custody, Or Control, Certain Documents; And Authorizing The United States Trustee To Subpoena Documents From Musselman Photography LLC* [Docket No. 16] (the "Motion"). Having reviewed the Motion and it appearing proper to do so, it is

ORDERED

that:

1. the Motion is GRANTED and the above-captioned Debtors are directed to appear on a mutually agreeable date and be examined under oath pursuant to Fed. R. Bankr. P. 2004, which examination may be conducted by remote means (e.g. Zoom Video, Microsoft Teams, telephone, etc.);

2. in connection with the examination, to the extent such documents are in the possession, custody, or control of either of the Debtors, the Debtors shall produce the following documents to the United States Trustee at least seven days prior to the examination:

   a. financial statements (e.g. income statement, balance sheet, and cash flow statement) for any business owned or operated by the Debtor(s) after March 11, 2021;
   b. for the period of time after January 1, 2023, documents constituting or comprising contracts for photography services between (i) the Business and any third party or (ii) the Debtor(s) and any third party;
   c. for the period of time after January 1, 2023, invoices, bills, or other documents setting forth amounts due from (i) any third party to the Business or (ii) any third party to the Debtor(s) for photography services;
   d. for the period of time after March 11, 2021, every business license application or renewal filed by the Debtor(s) or the Business with Frederick County, Virginia;
   e. for the period of time after March 11, 2021, every tangible personal property return, including all required attachments to such returns, filed by the Debtor(s) or the Business with Frederick County, Virginia;
   f. for the period of time after April 1, 2022, account statements for any financial account of the Business. As used herein, financial account includes, but is not limited to, bank accounts, credit union accounts,

    brokerage accounts, or other accounts in which cash or cash equivalents may be deposited or held;

  g. for the period of time after January 1, 2023, account statements, inclusive of any attachments to such, for any financial accounts in which the Debtor(s) had or have any interest;

  h. complete federal and state tax returns, with all schedules and supporting documents required to be attached to the returns, for the Debtors for 2022, 2023, and 2024;

  i. for the period of time after April 1, 2022, and for social media accounts of the Business, copies of postings to such social media accounts (e.g. Twitter or X, Instagram, Facebook, etc.); and

  j. for the period of time after April 1, 2022, postings by the Debtor(s) on social media referencing the Business or photography sessions conducted by the Business or Mrs. Musselman.

3. The United States Trustee is authorized to serve a subpoena for documents on the Business.

*** END OF ORDER ***

PRESENTED BY:
By: /s/ W. Joel Charboneau
W. Joel Charboneau (VSB #68025)
210 First Street, S.W., Suite 505
Roanoke, Virginia 24011
Telephone: (540) 857-2699
joel.charboneau@usdoj.gov
Trial Attorney for the United States Trustee

SEEN:
Kristopher G. Musselman
Danielle R. Musselman
By: /s/   (by W. Joel Charboneau with permission)
John P. Goetz (VSB #78514)
James M. McMinn (VSB #84728)
86 West Shirley Avenue
Warrenton, VA 20186
540-359-6605
Counsel for the Debtors

SEEN:
Musselman Photography LLC
By: /s/   (by W. Joel Charboneau with permission)